## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DAVID BRIAN MORGAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIV-20-932-R** |
| | ) | |
| **LUKE PETTIGREW,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>ORDER</u>

Petitioner, a state prisoner appearing *pro se*, files his most recent case pursuant to 28 U.S.C. § 2254, seeking habeas corpus relief with regard to his March 31, 2011 conviction in the District Court of Oklahoma County. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On November 23, 2020, Judge Erwin recommended the petition be dismissed for lack of jurisdiction as second or successive. (Doc. No. 9). The matter is currently before the Court on the December 7, 2020 "Motion to Object to Court Finding of No Fraud, But a Second Habeas in Disguise" (Doc. No. 10) filed by Petitioner, which the Court construes as a timely objection to the Report and Recommendation. This objection gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted this review, the Court finds as follows.

Petitioner is well known to the Court, having attempted to challenge his 2011 convictions in Case No. CF-2010-7695 via a variety of proceedings, most frequently

invoking 28 U.S.C. § 2254. The Report and Recommendation thoroughly documents Petitioner's history before the Court and the Court of Appeals for the Tenth Circuit.[1] In response to the Report and Recommendation Petitioner filed a "Motion to Object to Court Finding of No Fraud, but a Second Habeas in Disguise." Therein Petitioner repeats his arguments about the State of Oklahoma lacking jurisdiction over his criminal case, but nothing therein undermines the Court's conclusion in Petitioner's prior habeas actions that he must first obtain permission from the United States Court of Appeals for the Tenth Circuit before he may proceed with a habeas petition under § 2254 in light of his prior petition.

Petitioner does not object to Judge Erwin's recommendation that the Court deny his request to consider the instant action as a Rule 60(b) motion. And accordingly, that recommendation is hereby adopted. Additionally, Petitioner provides no legal basis for the granting of his Motion to File Default Judgment and therefore, as recommended the motion (Doc. No. 4) is DENIED.[2]

Petitioner in this case is constrained by the same limits he has faced in all but his first petition for habeas relief, 28 U.S.C. § 2244(b)(3)(A). Having not received authorization to file a successive petition, the Court lacks jurisdiction to consider his case

---

[1] At page 8 of the Report and Recommendation Judge Erwin states "it does not appear that Petitioner sought such [Tenth Circuit] authorization prior to filing the instant case." (Doc. No. 9, p. 8). On August 19, 2020, Petitioner filed two applications with the United States Court of Appeals for the Tenth Circuit seeking authorization to file a successive habeas petition. *See In re Morgan*, Case Nos. 20-6122 and 20-6123. The Tenth Circuit denied Petitioner's requests on September 9, 2020 and September 18, 2020, respectively. It appears to the Court that Petitioner sought authorization to proceed on two of the claims raised in the instant petition, lack of jurisdiction and ineffective assistance of counsel, although it does not appear that he requested leave to proceed on a double jeopardy claim. Regardless, the Tenth Circuit denied Petitioner's request for leave. Permission must be granted, it is not sufficient to seek authorization unsuccessfully.

[2] Petitioner's Motion to Amend Respondent (Doc. No. 8) is DENIED as moot.

and therefore, the case is DISMISSED WITHOUT PREJUDICE.[3] The Report and Recommendation is ADOPTED and judgment shall be entered accordingly.

      **IT IS SO ORDERED** this 17th day of December 2020.

                                        **DAVID L. RUSSELL**
                                        **UNITED STATES DISTRICT JUDGE**

---

[3] Petitioner's Motion to Amend (Doc. No. 6) is DENIED AS MOOT.